[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12297

Non-Argument Calendar

_____

FLORENTINO M. APOLONIO,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-02444-ACC-DCI

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Florentino Apolonio, a Florida prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability on two issues: whether Apolonio was entitled to an evidentiary hearing before the district court, and whether the district court erred in denying his claim that trial counsel rendered ineffective assistance by failing to advise him that the state's plea offer expired prior to the change-of-plea hearing, such that his guilty plea was not knowingly and voluntarily entered. We conclude that Apolonio was not entitled to an evidentiary hearing in federal court, and that the district court did not err in denying his ineffective-assistance-of-counsel claim. We therefore affirm.

## I.

Apolonio was charged in Orange County, Florida with attempted felony murder, sexual battery with a deadly weapon or physical force, kidnapping with intent to inflict bodily harm or terrorize, burglary of a dwelling with an assault or battery with a weapon, aggravated assault with a battery, and aggravated battery with a deadly weapon. He initially pleaded not guilty and in March 2015, announced that he was ready for trial.

On the day that his case was called for trial, Apolonio asked the trial court to dismiss his retained attorneys and appoint a public defender to represent him. He complained that his attorneys did not seem interested in helping him prepare his case and had not provided him with the discovery produced by the State so that he could prepare on his own. He said that what his attorneys had "really tried to do is to get [him] to accept the whole charges without even a reduction or removing some of the charges, which are exaggerated." The court did not find Apolonio's complaints credible; it denied his request for a new attorney and his subsequent request for a continuance of the trial.

After a brief recess, Apolonio's trial counsel announced that Apolonio had decided to "plea to the bench." The State informed the court that it would drop the attempted felony murder and aggravated assault charges and go forward with the remaining four counts. The court explained to Apolonio that the sexual battery, kidnapping, and burglary charges each carried a maximum sentence of life in prison, and that the maximum sentence for the aggravated assault charge was 15 years in prison. The court asked if Apolonio wished to plead guilty to those charges, and Apolonio responded that he wanted to "accept the plea offer" and eventually appeal because he did not feel that he and his attorney were prepared for trial. The court explained to Apolonio that he could either enter a plea and waive his right to appeal most issues, or he could go to trial. Apolonio confirmed that he wished to enter a plea.

During the plea colloquy, the following exchange occurred between the trial court and Apolonio:

THE COURT: Has anybody promised you what sentence you would receive if you entered a plea?

THE DEFENDANT: I didn't understand the question.

THE COURT: Has anybody promised you what sentence I would give you if you entered a plea today?

THE DEFENDANT: Oh, no.

Apolonio entered a plea of "no contest" to each charge, and the trial court accepted his plea.

At the sentencing hearing the next day, the State asked the court to impose the maximum sentence of life in prison. Anticipating that Apolonio's attorney would raise the issue of a previously offered plea deal in mitigation, the State explained that its pretrial offer of 30 years in prison was made in an effort to avoid causing the victim the stress of preparing to testify and face Apolonio at trial. But the victim had not avoided that stress because Apolonio's attorney had taken her deposition and the case had been set for trial several times.

Apolonio's counsel confirmed that the State had "at some point" offered a plea deal of 30 years in prison and acknowledged that the State was not obligated "to hold open an offer past a certain point." Counsel noted that the bottom of the sentencing guidelines range was 25 years in prison and suggested that a 25-year sentence

would serve equally well to protect the community and punish Apolonio, while giving him an opportunity for rehabilitation. Apolonio addressed the court, apologizing to the victim and admitting that he was "partly guilty," but insisting that some of the victim's allegations were lies or exaggerations.

The court imposed the maximum sentence of three life sentences plus 15 years in prison, all running concurrently. The court explained that it believed that a defendant who accepted responsibility and avoided putting the victim of his crimes through a trial deserved consideration at sentencing, but Apolonio's "half-given apology" and his record did not support giving him that consideration.

Apolonio filed a pro se motion to withdraw his no-contest plea based on ineffective assistance of counsel, contending that he had been led to believe that if he entered the plea, the judge would sentence him to no more than 25 years. He asserted that his attorney had explained to him that the State had offered a plea deal of 25 years, and he had expected to receive that sentence. The trial court dismissed the motion for lack of jurisdiction because Apolonio's attorney had already initiated appeal proceedings by the time Apolonio filed his pro se motion. The state appellate court affirmed Apolonio's convictions and sentences. *Apolonio v. State*, 185 So. 3d 1252 (Fla. Dist. Ct. App. 2016).

Apolonio raised the issue of ineffective assistance of trial counsel again in a Florida Rule 3.850 motion for postconviction relief. *See* Fla. R. Crim. P. 3.850. He argued, among other claims,

that his trial attorney had induced him to enter an "open plea" by telling him that if he did so, the judge would "treat him fairly" and sentence him to no more than 25 years in prison. He contended that he would not have entered his plea if he had known that the court would impose a life sentence.

The state circuit court denied Apolonio's Rule 3.850 motion. It determined that Apolonio's claim that defense counsel promised that the court would impose a sentence of no more than 25 years was refuted by Apolonio's statement under oath at the change-of-plea hearing that no one had promised him what sentence the court would impose if he pleaded guilty. Responding to Apolonio's assertion that his attorney had told him to answer "no" to the court's questions during the plea colloquy, the court admonished Apolonio that he could not have his plea set aside by contending that he had committed perjury at the change-of-plea hearing.

Apolonio later filed a second Rule 3.850 motion raising similar ineffective-assistance claims. This time, he asserted that the district court had informed him at a hearing on April 2, 2015, that the State had offered him 25 years in prison in exchange for a guilty plea. Apolonio said that he asked the court for time to consider the offer, and the court gave him 24 hours and postponed the matter until the next day. He indicated that he had expected to be brought back to court the next day, but "for some uncontrollable reasons" was not brought back until April 7, the first day of trial. At that point, Apolonio alleged, he "surrendered himself to the mercy of the Court under the misbelieve [sic], and misadvice [sic] that the

Judge would give him either 25 years or less; or the 25 years agreed upon on April 2, 2015." He alleged that he learned during the plea hearing that he was entering an "open plea" and could be sentenced up to life in prison, but he was not informed that the previously offered 25-year plea deal had an expiration date. He contended that but for his attorney's deficient performance, he would have accepted the 25-year offer—and in fact, thought he was doing so by entering his plea.

The Florida court determined that Apolonio's second postconviction motion was procedurally barred as successive because he had raised the same claim in his first Rule 3.850 motion. The court therefore denied the second motion.

Apolonio turned to federal court, filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Apolonio again claimed that the trial court had informed him of a 25-year plea offer at a hearing on April 2, 2015, and that he had asked the court for time to consider the offer. He alleged that he had initially decided to accept the plea offer, but was not brought back to court the following day as his attorney told him he would be. He claimed that when he arrived for the first day of trial, his attorney told him that the 25-year offer was still open, but that if he entered an open plea, the trial court would sentence him to less than 25 years. He entered his plea as advised and was shocked when the court sentenced him to life in prison.

In Ground Two of his federal habeas petition, Apolonio alleged that he had entered an "open plea" that was induced by his

trial attorney's promises that he would receive a sentence of less than 25 years in prison. In Ground Five of the same petition, he alleged that although no one mentioned the 25-year offer on the day of his plea hearing, he thought that entering a plea to the court was a necessary step toward accepting the offer. Apolonio asked for an evidentiary hearing and for remand to the state court to allow him to withdraw his plea and proceed to trial.

The district court denied Apolonio's § 2254 petition. It pointed out that Apolonio had stated under oath at the change-of-plea hearing that no one had promised him what sentence the court would impose if he entered a plea of guilty or no contest. It determined that Apolonio had not shown that his attorney promised that he would receive a 25-year sentence because he had not overcome the presumption that his testimony at the plea hearing was true. It also determined that the record did not support his claim that the State had ever offered him a 25-year plea deal.

Apolonio sought leave to appeal the district court's order. We issued a certificate of appealability giving him leave to appeal on two issues: whether he was entitled to an evidentiary hearing before the district court, and whether the district court erred in denying his claim that trial counsel rendered ineffective assistance by failing to advise him that the State's plea offer expired prior to the plea colloquy, such that his plea was not entered into knowingly and voluntarily. We consider each issue in turn.

## II.

### A.

"When a habeas petitioner seeks a hearing in federal court, the court must first determine 'whether the prisoner was diligent in his efforts' to develop the facts in state court." *Ledford v. Warden, Georgia Diagnostic Prison*, 975 F.3d 1145, 1163 (11th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 420, 435 (2000)). Diligence in this context requires that the petitioner must at least request an evidentiary hearing in state court. *Williams*, 529 U.S. at 437.

The record shows that Apolonio was not diligent in his efforts to develop the facts supporting his claim that his counsel was ineffective for failing to inform him that the State's 25-year offer expired before the plea hearing. He did not request an evidentiary hearing in connection with his second Rule 3.850 petition—the one that included this claim. Nor did he make any representation about what evidence he could produce in support of his claim if he were given the opportunity.

Because Apolonio was not diligent in developing the facts in support of his claim in state court, he was required to satisfy the conditions of 28 U.S.C. § 2254(e)(2) to obtain an evidentiary hearing in federal court. *Ledford*, 975 F.3d at 1163. That provision requires the petitioner to first show that his claim relies on either a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or

"a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). If the prisoner's claim meets one of these two requirements, the district court may hold an evidentiary hearing if the prisoner also shows that the facts underlying his claim "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

Apolonio made no attempt to satisfy these requirements in the district court, and he does not try to do so on appeal either. And even reviewing his pro se briefing liberally, we cannot discern any basis for concluding that his claim met either of the alternate preliminary requirements in § 2254(e)(2)(A)—it did not rely on a new rule of constitutional law or on a previously undiscovered factual predicate. Apolonio was not entitled to an evidentiary hearing on this claim in the district court.

## B.

Turning to the ineffective-assistance-of-counsel claim for which we granted a certificate of appealability, we first consider the issue of procedural default. The district court determined that Apolonio's claim was procedurally defaulted "because the trial court so determined in its order denying Petitioner's second Rule 3.850 motion." The state trial court, in turn, determined that Apolonio's second collateral motion was procedurally barred because he "raised the same claim in his prior Rule 3.850 motion, it was denied on the merits, and that ruling has been affirmed by

the Fifth District Court of Appeal." But the claim before us—that Apolonio's trial counsel was ineffective for failing to inform him that the State's 25-year plea offer expired before Apolonio entered his plea—was not raised in Apolonio's first Rule 3.850 motion, and the Florida court never ruled on the claim on its merits. Still, the fact that Apolonio could have raised his plea-offer-expiration claim in his first Rule 3.850 motion and failed to do so means that the claim probably was procedurally defaulted under Florida law in any event. *See* Fla. R. Crim. P. 3.850(h)(2) (providing for dismissal of a successive Rule 3.850 motion that raises a new ground for relief and does not show "good cause" for omitting the claim from a prior motion).

Ultimately, we need not untangle the question of whether Apolonio's claim was procedurally defaulted because it fails on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("As we have said many times and as the Supreme Court has held, a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."). To succeed on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of the plea negotiation process, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Counsel who allows an offer with a fixed expiration date to

lapse without advising the defendant or allowing him to consider it fails to provide the effective assistance guaranteed by the Sixth Amendment.  *Id.*  To demonstrate prejudice in these circumstances, the defendant must show a reasonable probability that, but for his counsel's deficient performance: (1) he would have accepted the plea offer, (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."  *Id.* at 147.

In his briefing in this Court, Apolonio alleges for the first time that that he instructed his trial counsel to accept the plea offer that was discussed at the April 2, 2015, hearing before the 24-hour deadline set by the state trial court expired.  We cannot consider this new factual allegation as evidence supporting Apolonio's ineffective-assistance claim because Apolonio has not satisfied the requirements for a federal evidentiary hearing under 28 U.S.C. § 2254(e)(2).  *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1738 (2022).  In any event, Apolonio's allegation that he accepted the State's offer on April 2, 2015, is contradicted by his complaints to the trial court several days later that his retained attorneys had been trying to get him to plead to "the whole charges" instead of preparing for trial, and his requests that the court appoint new trial counsel and give him additional time to prepare for trial.  His new position is also inconsistent with the sworn factual allegations in his state court

pleadings that he entered an open plea in the hope that the trial court would "treat him fairly" and sentence him to 25 years or less.

By contending that he instructed his attorney to accept the State's plea offer before the 24-hour deadline expired, Apolonio appears to have abandoned his argument that his trial counsel failed to inform him that the offer had an expiration date. But even if we read his pro se filings liberally to include some vestiges of that argument, it too is refuted by the record. In his state court pleadings, Apolonio stated under oath that when the trial court informed him of the State's plea offer, he asked for time to think about it and the court "granted 24 hours." And he reiterates in his briefing to this Court that he "was given (24) hours to consider the State's offer" of 25 years in prison, and that his attorney informed him that they would have to come back to court the next day for the plea, "if he decided to take it." In other words, Apolonio was well aware that the State's offer had an expiration date. He therefore cannot show that his counsel performed deficiently by failing to ensure that he knew the terms of the State's plea offer.

On this record, Apolonio also cannot meet his burden on *Strickland*'s prejudice prong because he cannot show that but for his attorney's alleged failure to inform him that the State's offer had an expiration date, he would have—and by entering his plea, thought he had—accepted the State's plea offer before it expired. *See Frye*, 566 U.S. at 147. He contends now that he intended to accept the State's plea offer on the day that it was made. On the first day of trial and during the plea hearing, however, Apolonio

indicated that he was frustrated with his counsel for trying to persuade him to enter a plea, that he wanted to go to trial, and that he only decided to enter a plea on the day of trial because his attorneys were unprepared and the trial court would not appoint new counsel or grant him a continuance. And to the extent that Apolonio contends that he was promised—either by the State or by his attorney—that he would receive a sentence of 25 years in exchange for his open plea, that assertion is contradicted by his testimony at the change-of-plea hearing that no one had made any promises about what sentence the court would impose if he entered a plea.

Apolonio "bears the heavy burden of proving his ineffective-assistance-of-counsel claim by a preponderance of the evidence." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010). He cannot meet his burden on this record because his allegations that he was not informed that the State's plea offer would expire and that he was promised a 25-year sentence in exchange for his plea are contradicted by his own statements elsewhere in the record.

### III.

Apolonio was not entitled to an evidentiary hearing in federal court because he failed to develop the factual basis for his claim in state court and he did not satisfy the requirements for an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Based on the state court record, Apolonio failed to show that his trial attorney provided ineffective assistance by not informing him that the State's plea had an expiration date—or, even assuming that counsel

performed deficiently, that he was prejudiced as a result. We therefore affirm the district court's denial of Apolonio's § 2254 petition.

**AFFIRMED.**